CARLTON, J.,
dissenting:
¶37. I respectfully dissent from the majority’s opinion. I submit that error occurred in the jury instructions, which resulted in unconstitutionally lowering the State’s burden of proof at trial. The jury instructions at issue, instructions 11 and 12, specifically relieved the State from proving the indicted charge of Medicaid fraud, which required proof that Dr. Azo-mani intentionally and fraudulently com *356 mitted a coding error when billing Medicaid after treating his patients.
. ¶ 38. The indictment in counts I and II charged Dr. Azomani with submitting “false, fictitious!],] o,nd fraudulent claims for Medicaid benefits.” (Emphasis added). However, jury instructions 11 and 12 only required the State to prove Dr. Azomani presented “false, fictitious!],] or fraudulent claims for Medicaid benefits.” (Emphasis added). This language materially deviates from the elements charged in the indictment and thus relieved the State from proving the specific fraudulent intent by Dr. Azomani when submitting the' Medicaid claims. This error in the jury was substantively prejudicial, particularly in light of Dr. Azomani’s defense evidence that he possessed no fraudulent intent and that he relied on the results of a prior government Medicaid audit for his coding practices.
¶ 39, I submit that the error in the jury instructions herein prevented Dr, Azomani from receiving a fair trial and constitutes plain error. See Rodgers v. State, 166 So.3d 637, 644 (¶ 5) (Miss.Ct.App.2014).[6] I would therefore reverse and remand for a new trial. See Harrell v. State, 134 So.3d 266, 276 (¶ 30) (Miss.2014) (“We hold that it is always and in every case reversible error for the courts of Mississippi to deny an accused the right to have a jury decide guilt as to each and every element;”).
JAMES, J, JOINS THIS OPINION.

. In Rodgers, 166 So.3d at 544 (¶ 15), this Court held:
Under the plain-error standard of review, we consider: (l) whether there was an error; (2) that adversely affected a defendant’s substantive rights, causing a manifest miscarriage of justice. For the plain-error doctrine to apply, there must have been an error' that resulted in a manifest miscarriage of justice or seriously affects the fairness, integrity[,3 or public reputation of judicial proceedings.
(Internal citations and quotation marks omitted).